**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

August 27, 2026

**BY ECF AND EMAIL**

**MEMO ENDORSED**

Hon. Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007-1312

**Re: *United States v. Rayqwan Newton,* 26 Cr. 285 (SHS)**

Dear Judge Stein:

The Government, with the consent of defense counsel, writes to respectfully request that the Court exclude time from September 8, 2026 through October 8, 2026.

By way of background, on or about June 23, 2026, the defendant was arrested pursuant to a complaint charging him with the possession of a machinegun, in violation of 18 U.S.C. 922(o). He was presented that same day and ordered detained. On or about June 30, 2026, a grand jury sitting in this District returned an indictment charging him with the same count of possession of a machinegun. At the initial conference on July 13, 2026, the Court set a discovery deadline of July 27, 2026, and set a deadline for defense motions of September 8, 2026.

On or about July 23, 2026, the Government produced discovery in this case consisting of, among other things, a single search warrant to search the defendant's cellphone, an extraction of the defendant's cellphone, a set of data responsive to the warrant, surveillance footage of the defendant purchasing alcohol, body-worn camera footage of the traffic stop and the search of the vehicle, the defendant's post-arrest statement, social media posts involving the defendant, photographs, operability and other police reports, and property vouchers. On or about July 28, 2026, the Government followed up with a production of a set of redacted surveillance videos from an October 2025 gang-related slashing incident involving the defendant. Although the slashing does not appear to be direct evidence of the charged conduct, the Government produced the videos as evidence the Government may eventually move to admit at trial under Federal Rule of Evidence 404(b).

On or about August 18, 2026—nearly a month after the Government had produced the single warrant and supporting affidavit in this case—defense counsel notified the Government for the first time that the Government had not produced a Bronx County warrant mentioned in the supporting affidavit. The Government corrected this oversight by reaching out within 24 hours to the case agents, who tracked down a copy of the Bronx County warrant on or about August 22,

2026 (a Saturday). The Government then produced the warrant to defense counsel on or about August 25, 2026. On or about August 26, 2026, the Court granted the defendant's request to adjourn the motions deadline to October 8, 2026.

The Government therefore requests, with the consent of defense counsel, that the Court exclude time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). Such an exclusion is in the interests of justice and outweighs the interests of the defendant and the public in a speedy trial for the reasons laid out in the defendant's August 26, 2026 letter seeking an adjournment—namely, for defense counsel to complete review of discovery and research potential issues ahead of filing its pretrial motions, and for the parties to continue their discussions regarding a potential pre-trial resolution.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney

By: /s/ Timothy Ly
Timothy Ly
Assistant United States Attorney
Southern District of New York

cc: Counsel of Record (by email)

**The time is excluded from calculation under the Speedy Trial Act from today until October 8, 2026. The Court finds that the ends of justice served by this continuance outweigh the best interest of the public and the defendant in a speedy trial pursuant to 18 U.S.C. Section 3161(h)(7)(A).**

**Dated: New York, New York**
**August 27, 2026**

SO ORDERED

SIDNEY H. STEIN
U.S.D.J.